MABEL WEINER, Appellant, v. DAVID WEINER et al., Respondents.— Order, entered on February 20, 1962, denying plaintiff's motion to strike the second affirmative defense, reversed, on the law, with $20 costs and disbursements to plaintiff-appellant, and the motion granted, with $10 costs. This action is one for a judgment declaring plaintiff the lawful wife of defendant Weiner and invalid an ex parte Florida divorce decree obtained by said defendant. Since 1936, when the Weiners were intermarried, plaintiff has been and is a resident of the State of New York. On August 16, 1951 defendant Weiner procured an ex parte divorce decree in the State of Florida where on January 12, 1953 he married defendant Gaines. The first affirmative defense alleging plaintiff is estopped to assert the invalidity of the divorce decree has been sustained (13 A D 2d 937). The second affirmative defense alleges the law of the State of Florida controls the validity of defendant Weiner's subsequent marriage. If plaintiff is estopped from attacking the divorce decree or she fails to sustain the complaint, she cannot prevail. In the event the first defense fails, then the public policy of the State of New York, where plaintiff at all relevant times was and is resident, controls the validity of the second marriage. (*Bell* v. *Little*, 204 App. Div. 235, affd. 237 N. Y. 519.) The validity of the ex parte Florida divorce decree depends solely on whether at the time defendant Weiner was there domiciled. (*Williams* v. *North Carolina*, 325 U. S. 226.) If the divorce decree is valid, then our public policy is not offended; if it be invalid, then the second marriage is void because plaintiff at the time was the living wife of the defendant Weiner. (See Domestic Relations Law, § 6.) Concur — McNally, J. P., Eager and Bergan, JJ.; Stevens and Steuer, JJ., dissent in the following memorandum: We believe that Special Term did not err in allowing the second defense to stand. The complaint seeks a declaration that the parties are husband and wife and that a second marriage between defendant and codefendant is void. The first defense pleads that plaintiff is estopped to question a purported divorce between the parties decreed in the courts of Florida. The second defense pleads that defendant's second marriage in Florida is valid in accord with the laws of Florida. If the first defense is not established and plaintiff succeeds in proving the allegations of her complaint, the second defense would be entirely unavailing. If, however, the first defense is

established, plaintiff could still get an adjudication that the second marriage is illegal for reasons quite apart from the disability of the husband due to the alleged invalidity of the divorce. While the validity of the second marriage might well be provable under the denials in the answer, no harm could be done by allowing the defense to stand once its limited application is understood. We agree that the 18th paragraph is conclusory and should have been stricken and we vote to modify in that respect.